IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| AVROM BROWN | : | NO. 18-101-3 |

## ORDER

AND NOW, this _____ day of _____ , 2022, upon consideration odd Defendant Avrom Brown's Motion to Dismiss the Charges Against Him,

IT IS HEREBY ORDERED that the Motion is GRANTED, and the Superseding Indictment is dismissed with prejudice against defendant AVROM BROWN.

BY THE COURT:

_____
**HON. GENE E.K. PRATTER**
**United States District Judge**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| AVROM BROWN | : | NO. 18-101-3 |

### DEFENDANT AVROM BROWN'S MOTION TO DISMISS

Defendant AVROM BROWN, by and through undersigned counsel, David B. Mischak, Esquire, hereby moves to dismiss the Superseding Indictment against him as a result of the Government's violation of its obligations under Fed.R.Crim.P. 16 as well as *Brady v. Maryland*. These violations have interfered with the defendant's Fifth and Sixth Amendment rights to due process and the effective assistance of counsel and have deprived him of the statutory and constitutional speedy trial rights.

In essence, the Government's three-year mishandling of discovery in this case has included the withholding of exculpatory and impeachment evidence in violation of *Brady* and as such, has caused material prejudice to Dr. Brown and his ability to meaningfully and fairly defendant the Government's accusations against him. The Government's disregard of their discovery violations caused trial to be significantly delayed violating Dr. Brown's constitutional speedy trial rights and Federal Rule of Criminal Procedure 48(b).

Counsel for co-defendant's Nikparvar-Fard (Docket# 462) and White (Docket# 464) have filed Motions to Dismiss with lengthy discussion of similar facts, a detailed chronological review of the Government's mishandling of discovery, and applicable law. Undersigned counsel would

2

seek to incorporate these averments into this Motion so as to avoid unnecessary repetition. More specifically, however, on Dr. Brown's behalf, it is averred as follows:

1. Avrom Brown was charged by Superseding Indictment on January 9, 2019, of being in violation of 21:856(a)(1) - *Maintaining Drug-Involved Premises*; 18:2 - *Aiding And Abetting*.

2. Trial was originally scheduled for April 20, 2020, however, in October 2019, it was revealed that the discovery was incomplete as the full set of patient files that had been provided to the Government's expert was not produced to the defense. The Government conceded this discovery failure in a letter dated February 27, 2020. The discovery included 46 patient files and over 13,000 pages of medical records. Due to the volume and late disclosure of the Rule 16 discovery production, the defense was compelled to request a continuance. Trial was set for June 15, 2020.

3. The COVID-19 pandemic and subsequent Standing Orders of the Court, trial had to be continued several times ultimately leading to a trial date of January 10, 2022. An anticipated Omicron surge ultimately led to the affixing of a May 31, 2022, trial date. The Government represented that it was ready to proceed with the January 10, 2022, trial date with no indication that there was additional discovery that had yet to be produced.

4. At the April 18, 2022, pre-trial conference, the Government revealed that it would be making a production of additional discovery materials. Thereafter, the Government produced discovery on the following dates: April 29, 2022, May 4, 2022, and May 10, 2022. This discovery included previously undisclosed undercover operations, 60 hours of video footage, 16 hours of audiotape, patient files, search warrant photographs, and interview reports. Most of these materials were not recently obtained by the Government.

5. To convict Dr. Brown with *Maintaining Drug-Involved Premises*, the Government will need to prove that Dr. Brown issued prescriptions knowing or intending those prescriptions to be illegal and that he maintained AUC locations for the purpose of that illegal prescribing. 21 U.S.C. § 856(a)(1); see *Ruan*, 597 U.S. ___ (2022), slip op. 4-5. Evidence that demonstrates that Nikparvar-Fard, Dr. Brown, and/or other employees were practicing medicine consistent with legitimate medical standards is exculpatory because it shows that the clinics were not "pill mills".

6. The Government withheld the late evidence, evidence of which is both exculpatory and impeaching, which was in their possession for years before it was ultimately produced weeks before the May 31, 2022, trial date. It appears that the Government also continues to withhold exculpatory and impeachment evidence related to confidential sources.

7. More specifically, the discovery production included a 2020 recording of a patient interview who the Government's expert referred to in his report. The recording included a plethora of exculpatory statements and specifically as it pertains to Dr. Brown, the witness indicated that Dr. Brown always did a physical examination of her and routinely explored with her alternatives to prescribing medications. This evidence is clearly exculpatory to Dr. Brown wherein he is charged with wherein they are alleged to have illegally prescribed prescription narcotics in violation of 21:856(a)(1) - *Maintaining Drug-Involved Premises*; 18:2 - *Aiding And Abetting*.

8. The discovery also includes evidence exculpatory to Avrom Brown and the failure to provide it to the defense previously represents a breach of the Government's discovery obligations under Fed.R. 16(a)(1)(E)(i) and *Brady v. Maryland*. Most disquieting is that this

discovery breach allowed Dr. Brown to twice prepare for trial without this materially exculpatory evidence being disclosed.

9. In *Brady v. Maryland,* 373 U.S. 83, 87 (1963), the Supreme Court held that criminal defendants have a due process right to access exculpatory and material evidence in the Government's possession with sufficient time to make use of that evidence at trial. *United States v. Alvin*, 30 F. Supp. 3d 323 (E.D. Pa. 2014). Prosecutors are required to volunteer exculpatory evidence that is otherwise unknown to the accused. *United States v. Agurs*, 427 U.S. 97, 107 (1976). Furthermore, "Evidence is material if there is a reasonable probability that, if the evidence had been disclosed, the result of the proceeding would have been different." *Wilson v. Beard*, 589 F.3d 651, 665 (3rd Cir. 2009).

10. It is well-settled that a Brady violation has occurred when: "(1) the evidence atissue is favorable to the accused, because either exculpatory or impeaching; (2) the prosecution withheld it; and (3) the defendant was prejudiced because the evidence is 'material.'" *Breakiron v. Horn*, 642 F.3d 126, 133 (3rd Cir. 2011). The Government must disclose all exculpatory and material evidence in its possession. Whether the prosecutor had personal knowledge of the evidence is irrelevant, as "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

11. Beyond the exculpatory evidence specifically relating to Dr. Brown is exculpatory and impeaching evidence regarding other co-defendants and the regular activities of the AUC. As set forth by Nikparvar-Fard in his motion to dismiss, the withheld *Brady* material that reveals that Nikparvar-Fard and other co-defendants were actually treating patients in the ordinary course of practicing medicine as well as exculpatory and

5

impeachment evidence regarding Joanne Rivera (produced in August 2022). Thus, the arguments presented by Nikparvar-Fard are also important for the defense of Dr. Brown. As the only substantive count against Dr. Brown is *Maintaining Drug-Involved Premises*, it necessarily follows that Dr. Brown's defense is significantly enhanced if it can be demonstrated that Nikparvar-Fard, and others, were not acting outside the bounds of normal practice.

12. The withholding of, as well as the late production of the discovery has materially prejudiced Dr. Brown. "Whether a delayed disclosure violates Brady depends on the nature of the evidence and length of the delay." *Alvin*, 30 F.Supp.3d at 336. For a defendant to receive a fair trial, the exculpatory evidence must be disclosed "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3rd Cir. 1983). The Government's delayed disclosure has prevented Dr. Brown from planning a comprehensive strategy incorporating the exculpatory as it directly relates to him as well as the indirect exculpatory and impeaching evidence as it relates to Nikparvar-Fard and others.

13. Dismissal on the Superseding Indictment is the appropriate remedy on due process grounds because the Government's conduct herein resulted in substantial prejudice to Dr. Brown. *See, Gov't of Virgin Islands v. Fahie*, 419 F.3d 249, 254-55 (3rd Cir. 2005). The consistent delayed disclosures at the hands of the Government so undermines the confidence in this case that a trial cannot result in a fair verdict, *See Alvin*, 30 F.Supp. 3d at 339.

14. This case has been in existence for nearly four years and the constant missteps and failure to efficiently provide the defense with discovery has become too substantial. Dismissal is the only remedy to ensure that an erroneous verdict is not reached and that similar conduct by the Government is deterred. Accordingly, for the reasons set out above, the Court should compel disclosure of the requested discovery and dismiss the Superseding Indictment.

15. It is further alleged that the Government has violated Dr. Brown's Constitutional and statutory rights to a speedy trial as guaranteed by the Sixth Amendment and the Speedy Trial Act and incorporates the thorough factual averments and legal reasoning set forth in the Motions to Dismiss for co-defendant's Nikparvar-Fard (Docket# 462) and White (Docket# 464).

WHEREFORE, Avrom Brown respectfully requests that this Honorable Court enter an Order dismissing the Superseding Indictment with prejudice.

Respectfully submitted,

s/David B. Mischak
DAVID B. MISCHAK, ESQUIRE
MCMONAGLE, PERRI, MCHUGH & MISCHAK
1845 Walnut Street, 19th floor
Philadelphia, PA 19103
(215) 981-0999; Fax (215) 981-0977
dmischak@mpmpc.com

**DATED: 10/24/22**

## CERTIFICATE OF SERVICE

DAVID B. MISCHAK, ESQUIRE, hereby certifies that on the date set forth below a true and correct copy of the Defendant's MOTION TO DISMISS, has been served by electronic filing upon the following individuals on this date:

**Christopher Parisi**
**Assistant United States Attorney**
**DEPARTMENT OF JUSTICE**
**615 Chestnut Street**
**Philadelphia, PA 19106**
Christopher.Parisi@usdoj.gov

**Mary Kay Costello**
**Assistant United States Attorney**
**DEPARTMENT OF JUSTICE**
**615 Chestnut Street**
**Philadelphia, PA 19106**
Marykay.Costello@usdoj.gov

                                         s/David B. Mischak
                                         **DAVID B. MISCHAK, ESQUIRE**
                                         **MCMONAGLE, PERRI, MCHUGH & MISCHAK**
                                         **1845 Walnut Street, 19th floor**
                                         **Philadelphia, PA 19103**
                                         **(215) 981-0999; Fax (215) 981-0977**
                                         **dmischak@mpmpc.com**

**DATED: 10/24/22**